IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| EDWARD S. COHN et al.,, | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: 8:18-cv-02796-PWG |
| NAJA T. ZAHIR, aka NAJA T. BEY, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This suit is a foreclosure action. Plaintiffs,[1] acting as substitute trustees for PrimeLending, the owner of the debt instrument, initiated the suit in the Circuit Court for Prince George's County, Maryland, on July 25, 2018. *See* Order to Docket Foreclosure, ECF No. 1-3; Trustees' Resp. to Mot. to Strike 3, ECF No. 14. The homeowner, Naja T. Zahir, also known as Naja T. Bey ("Bey"),[2] filed a notice of removal on September 10, 2018. Notice of Removal 2, ECF No. 1-2. This Court considers her petition untimely and will, accordingly, grant Plaintiffs' motion to remand the case to state court, ECF No. 24.

Section 1441 of Title 28 authorizes state-court defendants to remove a suit to federal court, provided the suit is one over which the federal court would enjoy "original jurisdiction." 28 U.S.C. § 1441. To invoke the federal court's jurisdiction, the defendant must comply with the

---

[1] Plaintiffs are: Edward S. Cohn; Stephen N. Goldberg; Richard E. Solomon; Richard J. Rogers; Michael McKeefery; and Christianna Kersey.

[2] While both names appear on various filings she has submitted to this Court, I infer from her signature that she prefers to go by "Bey," so this is the name I will use here. Bey is one of two named defendants in this case. The other is Zahir Resource Management Trust, for which Bey is the trustee.

1

procedures outlined in 28 U.S.C. § 1446. *See Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 161 (4th Cir. 1997). Where, as here, the plaintiffs challenge the basis for removal, "the defendant 'bears the burden of demonstrating that removal jurisdiction is proper.'" *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (quoting *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008)); *see Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). The federal court "should construe removal statutes narrowly," resolving "any doubts . . . in favor of state court jurisdiction." *Khalil-Ambrouzou v. Parker*, No. PX-17-2520, 2018 WL 1505790, at *2 (D. Md. Mar. 27, 2018) (quoting *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (en banc), *abrogated on other grounds as stated in Wheeling Hosp., Inc. v. Health Plan of Upper Ohio Valley, Inc.*, 683 F.3d 577 (4th Cir. 2012)).

Under § 1446(b)(1), the party seeking removal must file its notice "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "The general rule, as established by the Supreme Court in *Murphy Brothers*, is that the time for counting the days for filing notice of removal under § 1446(b) starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear." *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 391 (4th Cir. 2018) (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)).

Maryland law imposes special service requirements for actions to effect a foreclosure on residential property. *See* Md. Code Ann., Real Prop. § 7-105.1(h); Md. Cir. Ct. R. 2-121. To begin, the party seeking to effect the foreclosure must serve the relevant papers on the mortgagor or grantor, either by (1) personal delivery or (2) "[l]eaving the papers with a resident of suitable

age and discretion at the mortgagor's or grantor's dwelling house or usual place of abode." Md. Code Ann., Real Prop. § 7-105.1(h)(1). If, however, "at least two good faith efforts to serve the mortgagor or grantor" on different days are unsuccessful, the party "may effect service by:

> (i) Filing an affidavit with the court describing the good faith efforts to serve the mortgagor or grantor; and
> (ii) 1. Mailing a copy of all the documents required to be served under paragraph (1) of this subsection by certified mail, return receipt requested, and first-class mail to the mortgagor's or grantor's last known address and, if different, to the address of the residential property subject to the mortgage or deed of trust; and
> 2. Posting a copy of all the documents required to be served under paragraph (1) of this subsection in a conspicuous place on the residential property subject to the mortgage or deed of trust.

*Id.* § 7-105.1(h)(5).

Here, Bey's filings with this Court do not stake out a position on exactly when, if ever, she received service of process. In this situation, I find it helpful to work backward. Bey's notice of removal is dated September 10, 2018. If, for the sake of this exercise, I assume she filed the notice on the final day of the 30-day statutory period, then Plaintiffs would have had to have served process on her no later than August 11, 2018. Were I to find they did, I would have to consider her petition untimely and remand the case.

I have already observed that the burden of establishing removal jurisdiction falls on Bey, and not on Plaintiffs. See *Scott*, 865 F.3d at 194. Here, though, the question is whether and when Plaintiffs served process on Bey, a question Plaintiffs are best equipped to help the Court answer. To that end, Plaintiffs have submitted a pair of "return of service" forms, which show a process server made repeated attempts to serve Bey between July 31, 2018, and August 7, 2018. *See* Return of Service Forms, ECF No. 24-1. These forms note the process server attempted in-person delivery of the requisite papers on four occasions, all prior to August 11, 2018. *Id.* at 1, 3. These include two attempts to serve Bey at the property that was the subject of the

foreclosure, 7921 Mandan Road, Unit 687, Apt. T-2, Greenbelt, Maryland 20770, as well as two attempts to serve her at another address: 9900 Greenbelt Road, Suite E 130, Lanham, MD 20706.[3] *Id.* The forms characterize these attempts as "good faith efforts," a characterization Bey has not explicitly disputed. *Id.*

The process server satisfied Plaintiffs' other obligations under Md. Code Ann., Real Prop. § 7-105.1(h)(5), as well. In particular, she posted the papers on the front door of the Mandan Road house on August 2, 2018. *Id.* Finally, on August 7, 2018, she mailed the papers to Bey via certified mail, return receipt requested, and first-class mail at both the Mandan Road and Greenbelt Road addresses. *Id.* This last step fulfilled Plaintiffs' obligations and started the clock on the 30-day period for removal. Accordingly, to invoke the removal statute, Bey had to file her notice of removal by September 6, 2018. Bey missed the deadline by four days.

Bey appears to have anticipated Plaintiffs would challenge the timeliness of her notice, because her Petition for Notice of Removal asks the Court to "make an exception for the 30 day deadline for removal as the Plaintiff has the wrong address on file noted as 7921 Mandan Rd, Greenbelt, Maryland 20770." ECF No. 1. Bey does not identify a correct address for service of process, but, in her response in opposition to the motion to remand, she asserts that she is a "non-citizen American National, American Indian" and a "citizen of the British Commonwealth of Nations, whereby [her] home is Saint Lucia." Resp. in Opp'n, ECF No. 27.

Bey's argument betrays a misconception of Plaintiffs' obligations under federal and Maryland law. As the Supreme Court explained in *Murphy Brothers*, a defendant's time to remove a case to federal court "is triggered by simultaneous service of the summons and

---

[3] The forms note the Greenbelt Road address is a UPS store, which declined to accept the papers on Bey's behalf. Return of Service Forms at 1, 3. Bey has continued to list this address in her filings with this Court.

4

complaint."[4] 526 U.S. at 347. Here, as I have explained, Plaintiffs served Bey in full compliance with the Maryland statute. That statute did not require Plaintiffs to nose out an alternate address that, even now, in this litigation, Bey has not volunteered. What was required, rather, was "at least two good faith efforts" to effect service on different days; a conspicuous posting on the property to be foreclosed; and delivery by certified mail to that property and to the mortgagor's "last known address." Md. Code Ann., Real Prop. § 7-105.1(h)(5). Bey has not identified her "last known address." As far as the Court is aware, the only addresses Plaintiffs had reason to associate with Bey were the Mandan Road property and the Greenbelt Road address Bey continues to list in her court filings. Plaintiffs' process server dutifully visited each of these addresses two times and mailed the required documents to each of these addresses in compliance with the statute.

I conclude, accordingly, that Bey's notice of removal was untimely.[5] This Court lacks jurisdiction over this case and must remand it to the Circuit Court for Prince George's County.

## ORDER

Accordingly, it is this 2nd day of November, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that Plaintiffs' Motion for Remand, ECF No. 24, IS GRANTED. This case is now closed.

Paul W. Grimm
United States District Judge

---

[4] The Fourth Circuit recognizes an exception to this rule in cases where service is made on a statutory agent, see Elliott, 883 F.3d at 394, but that exception is inapplicable here.

[5] Plaintiffs also argue this Court lacks jurisdiction over this case because the parties are not diverse. See Mot. for Remand 1-2. Because I conclude the notice of removal was untimely, there is no need to reach this issue.